UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

REGINALD D. MCCULLOUGH      CIVIL ACTION NO. 09-cv-1106

VERSUS      JUDGE HICKS

LARRY ENGLISH      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Reginald McCullough ("Plaintiff"), without representation by an attorney, filed this civil action against attorney Larry English. Plaintiff's complaint seeks the refund of a few thousand dollars that Plaintiff alleges he paid for what was ineffective representation on a second-offense marijuana possession charge. Plaintiff has not paid the filing fee. He has filed a Motion for Leave to Proceed in Forma Pauperis ("IFP").

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

---

[1] Even if the plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips,

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff is currently imprisoned in Louisiana on a Louisiana conviction, and he offers no facts to suggest that he is a citizen of a state other than Louisiana. Accordingly, the court may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. Plaintiff alleges that defendant English may be served at an address in Shreveport, Louisiana. Plaintiff offers no allegations to suggest that English is a citizen of a state other than Louisiana, and the court is aware that

---

144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

English has long been a local attorney. The apparent Louisiana citizenship of both Plaintiff and defendant Kennon destroys the potential for diversity jurisdiction.

Section 1332 also requires an amount in controversy in excess of $75,000. Plaintiff seeks return of less than $10,000 in fees, so this element is missing as well.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that all of Plaintiff's claims would fall under state law theories of legal malpractice, tort, or contract.

Plaintiff did file his complaint on a form to be used to file claims under 42 U.S.C. § 1983, but that statute applies only when the defendant (such as a policeman or corrections officer) is acting under color of state law. The complaint suggests that attorney English acted as a private citizen rather than as a government official or some other form of state actor, so

no Section 1983 claim could lie against him. See West v. Atkins, 108 S.Ct. 2250 (1988). Even if English was acting as a court-appointed attorney or serving as a public defender, he would not have been a state actor for purposes of Section 1983. Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988); Amir-Sharif v. Dallas County Public Defenders Office, 233 Fed.Appx. 364, 365 (5th Cir. 2007).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. His Motion to Proceed in Forma Pauperis should be granted based on the showing made therein, but the complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

The court has an obligation to review prisoner pauper petitions, and it is to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This case falls within that description because there is no plausible basis for the exercise of federal jurisdiction over the claim asserted. Plaintiff's complaint is patently frivolous and should be dismissed as such. Plaintiff is warned that, pursuant to 28 U.S.C. § 1915(g), if a prisoner has brought actions or appeals that were on three or more occasions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the prisoner will be precluded from

bringing any civil action in forma pauperis unless he is under imminent danger of serious physical injury.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Leave to Proceed in Forma Pauperis (Doc. 4)** be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2). The dismissal should also be deemed frivolous, pursuant to 28 U.S.C. § 1915A(b), so that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE